This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KEITH BELL,**

Plaintiff-Appellee,

v.                                                   **NO. A-1-CA-35296**

**GREGORY G. JONES, THE LAW**
**FIRM OF GREGORY G. JONES, P.C.;**
**ALAN DUNCAN, and ALLAN T. CURRY,**

Defendants-Appellees,

**and**

**GORDON EUGENE BELL,**

Interested Party-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**C. Shannon Bacon, District Judge by Designation**

Davis Kelin Law Firm, LLC
Ben Davis
Zackeree Kelin
Albuquerque, NM

for Appellee Keith Bell

Gregory Jones
Southlake, TX

Pro Se Appellee

Allan Curry
Flower Mound, TX

Pro Se Appellee

Kemp Smith LLC
Richard Bonner
Rachel Moreno
El Paso, TX

for Appellee Alan Duncan

Hinkle Shanor LLP
Lucas M. Williams
Roswell, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}	This appeal involves a discovery dispute in a legal malpractice case brought by Keith Bell (Plaintiff) against attorneys Gregory Jones, Alan Duncan, and Allan Curry (Defendants), though the particular issue we must decide involves only Defendant Duncan. Plaintiff's father, Gordon Eugene Bell (Gene Bell), who is the appellant in this case, entered a limited appearance in order to object to any compelled disclosure of information sought by Plaintiff of which Gene Bell claimed to be the holder of a privilege, specifically the attorney-client privilege as between Gene Bell and

Defendant Duncan. The district court appointed a special master to review in camera the documents contained in the "Gordon Eugene Bell Privilege Log" (the Privilege Log) and make a determination regarding the documents' discoverability. The special master concluded that all of the "Non-Jones Emails"—i.e., emails between Defendant Duncan and Melanie Lorant (Gene Bell's daughter and the holder of Gene Bell's power of attorney in the litigation then at issue known as Bell-1125) that Gene Bell contends "were intended to remain confidential from" the Bell-1125 plaintiffs, including Plaintiff—are "fully discoverable" and provided five bases to support that conclusion. Over Gene Bell's objections to the special master's report, the district court adopted it in its entirety.

{2}     Gene Bell appeals the district court's order denying his objections to and adopting the special master's report. Because we cannot discern that the district court exercised independent judgment regarding the substantive matters adopted within the special master's report, we reverse and remand for further proceedings. Because this is a non-precedential opinion intended only to inform the parties and the district court of our reasoning, we discuss the facts only as they are relevant to our analysis.

**DISCUSSION**

{3}     Rule 1-053(A) NMRA provides that "[t]he court in which any action is pending may appoint a special master therein." The rule further provides:

A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.

Rule 1-053(B).

{4} Here, in an action to be tried by a jury, the district court appointed a special master based on the following:

I am in receipt of the Gordon Eugene Bell Privilege Log, the related briefing and the request for a hearing. Having reviewed the materials submitted, it is clear that the issues related to the Privilege Log will entail an in camera review of the documents. Accordingly, the [c]ourt is inclined to appoint a [s]pecial [m]aster to analyze the Privilege Log and the legal arguments related to the same. This will facilitate a timely disposition of the issues.

Although the rule itself restricts appointment of a special master to complicated issues or unique circumstances, no party herein appears to have objected to the ensuing district court order, which provided that "[t]he [c]ourt specifically refers the dispute between the parties regarding . . . [the Privilege Log to the] [s]pecial [m]aster for in camera review and decision."

{5} The special master, upon completing his in camera review of the documents listed in the Privilege Log, concluded that those "labeled as 'Non-Jones Emails' are discoverable in this case upon entry of a [p]rotective [o]rder agreed to by the parties or as approved by the [c]ourt." The special master first stated that it was not his

4

function to resolve factual issues, then added that "[t]he facts set out are those that do not appear to be in dispute." As we understand it, the special master perceived his assignment to entail resolution of a pure question of law, which he answered by way of the following five conclusions he reached:

1. That under Rule 16-106(B)(5) NMRA—which provides that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary" in specific circumstances, including "to respond to allegations in any proceeding concerning the lawyer's representation of the client"—"the privileged documents are discoverable and should be produced[;]"

2. That any privilege that existed between Gene Bell and Defendant Duncan had been waived because the documents Gene Bell sought to protect from disclosure had already been disclosed to third parties, including Melanie Lorant and Plaintiff;

3. That the work product doctrine does not shield the documents;

4. That the accountancy privilege does not apply; and

5. That collateral estoppel does not apply.

After determining that none of the reasons argued by Gene Bell supplied a basis for denying Plaintiff's motion to compel discovery, the special master concluded that "[a]ll of the 'Non-Jones Emails' are fully discoverable."

5

{6}     Gene Bell objected to the special master's report on numerous bases and continued to argue that the Non-Jones Emails "should not be discovered." The district court issued a one-page order denying Gene Bell's objections in which it found the following:

1.    The [c]ourt has jurisdiction over this matter.

2.    [Gene Bell] has not demonstrated any error in the [s]pecial [m]aster's [r]eport.

3.    [Gene Bell] has raised no meaningful new issues not addressed by the [s]pecial [m]aster.

4.    The [o]bjections to the [s]pecial [m]aster's [r]eport and [d]ecision are not well taken.

5.    Accordingly, the [s]pecial [m]aster's [r]eport is affirmed and adopted by the [c]ourt.

The district court reviewed "the [r]eport, [m]otion[,] and [r]esponses[,]" yet provided no discussion or analysis of the special master's legal conclusions.

{7}     While a district court need only review a special master's findings of fact for substantial evidence, New Mexico case law "has established that a special master's conclusions of law are to be reviewed de novo by district courts." *State ex rel. Office of State Engineer v. United States*, 2013-NMCA-023, ¶¶ 16, 17, 296 P.3d 1217. Indeed, when a district court determines that a particular issue warrants use of Rule 1-053 and chooses to appoint and garner the work product of a special master, it then

assumes a quasi-appellate role that entails assessing the legal validity of the conclusions reached by the non-judicial official. The many reasons a district court must scrutinize a special master's report include that "[s]uch review permits correction of possible error at the earliest time" and "will also give the appellate court the benefit of the district court's reasoned consideration." *Polin v. Dun & Bradstreet, Inc.*, 634 F.2d 1319, 1321 (10th Cir. 1980) (en banc) (internal quotation marks and citation omitted); *cf. Buffington v. McGorty*, 2004-NMCA-092, ¶¶ 30-32, 136 N.M. 226, 96 P.3d 787 (discussing, in terms of due process, the obligation of the district court to make independent determination of objections to a domestic relations hearing officer's report, and explaining that "the record of the hearing held before the district court must demonstrate that the court in fact considered the objections and established the basis for the court's decision"). De novo review requires the reviewing court to "exercise [its] own independent judgment without assigning special weight to [the] decision" being reviewed. *Lee v. Martinez*, 2004-NMSC-027, ¶ 12, 136 N.M. 166, 96 P.3d 291 (internal quotation marks and citation omitted). In determining whether a district court has exercised sufficient independent review of a special master's conclusions of law, we consider such factors as whether the district court held a hearing on objections to the report, stated its analysis, and provided any discussion of

7

the special master's legal conclusions. *See Lozano v. GTE Lenkurt, Inc.*, 1996-NMCA-074, ¶ 19, 122 N.M. 103, 920 P.2d 1057.

{8} Here, there is no evidence that the district court exercised the independent judgment necessary to adopt the special master's conclusions of law. Although Plaintiff requested a hearing on Gene Bell's objections to the special master's report and decision, we find no indication in the record that a hearing or other avenue of substantive review ever took place. To the contrary, the district court's one-page order contains no findings of fact or conclusions of law relating to the legal issues addressed in the special master's report, nor did the district court issue, for example, a letter decision providing analysis and explaining the basis for the district court's decision to adopt the special master's report. *Cf. id.* Absent a reasoned decision by the district court evincing its fulfillment of its obligation to exercise independent judgment in reviewing the special master's conclusions of law, we are not in a position to determine whether the district court properly adopted the special master's blanket conclusion that all of the Non-Jones Emails are fully discoverable. *Cf. Buffington*, 2004-NMCA-092, ¶ 31 (explaining that by conducting a hearing on objections to a hearing officer's report, "the parties are assured that the issues have been decided by a judge vested with judicial power and an appropriate record is made to allow for appellate review of the district court's decision").

{9} That is particularly so given the ambiguity that exists in various aspects of the special master's legal explanations and conclusions. To illustrate one such point of confusion on appeal, we point to the special master's determination that Rule 16-106(B)(5)—a rule of professional conduct that is permissive in nature ("[a] lawyer *may* reveal information" (emphasis added)) and identifies an area "in which the lawyer has discretion to exercise professional judgment[,]" *Scope* Rules of Professional Conduct—serves as a basis for concluding that "the privileged documents are discoverable and should be produced." While we agree with the special master's observation that Rule 16-106(B)(5) "*permits* [Defendant] Duncan to reveal and use [the documents listed in the Privilege Log] in discovery" (emphasis added), we are concerned about the possibility that the special master's discussion of Rule 16-106(B)(5) could be read as supplying a basis for the district court to compel disclosure of privileged documents, something which we do not believe Rule 16-106(B)(5) does or is intended to do. *Compare* Rule 1-026(B)(1) NMRA (providing that "[p]arties may obtain discovery of any information, *not privileged*, which is relevant to the subject matter involved in the pending action" (emphasis added)), *and* Rule 11-503(B) NMRA (providing that "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, a confidential communication made for the purpose of facilitating or providing professional legal services to that client"), *with* Rule 16-

9

106(A) (providing that "[a] lawyer *shall not reveal information* relating to the representation of a client unless the client gives informed consent . . . or the disclosure is permitted by Paragraph B of this rule" (emphasis added)), *and* Rule 16-106(B)(5). To the extent the special master's conclusion can be read as merely concluding that Rule 16-106(B)(5) *allows* Defendant Duncan, in his discretion, to disclose the documents in order to defend himself against Plaintiff's claims, such an interpretation is altogether different, and produces an altogether different outcome, than one that would allow the district court to compel disclosure based on Rule 16-106(B)(5). Unless and until the district court sets forth a reasoned discussion and analysis of this conclusion—as well as all of the conclusions reached by the special master—this Court cannot meaningfully evaluate the merits of the district court's wholesale adoption of the special master's ultimate conclusion that all of the Non-Jones Emails are fully discoverable.

**CONCLUSION**

{10}    It is not this Court's duty to review, determine the correctness of, and identify and correct any possible error in the special master's legal conclusions. That obligation was and remains the district court's. Because the record is devoid of any evidence that the district court undertook that obligation in the first instance, we reverse its order denying Gene Bell's objections to the special master's report and

decision and remand for proceedings consistent with this opinion. The district court is to undertake its assigned de novo review responsibility with respect to each of the legal conclusions set forth in the special master's report. Only when we are guided by an explanation-driven adoption—or modification and adoption, or even possibly rejection—of the special master's legal conclusions will we be in a circumstance where appellate review can be properly effectuated.

{11}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**STEPHEN G. FRENCH, Judge**